Deborah K. CRUZE, Plaintiff–
Appellant,

v.

GLENDALE, CITY OF, an Arizona
municipal corporation,
Defendant–Appellee.

No. 02–17070.
D.C. No. CV–99–00244–SLV.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2003.*

Decided June 19, 2003.

Before RYMER, THOMAS, and
SILVERMAN, Circuit Judges.

MEMORANDUM***

Deborah K. Cruze, an assistant city judge, appeals the district court's summary judgment in favor of the City of Glendale, Arizona in her action alleging that a male colleague received a higher salary, in violation of the Equal Pay Act, 29 U.S.C. § 206(d). Cruze also appeals the denial of her motion for reconsideration. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the grant of summary judgment, *Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1219–20 (9th Cir.1998), and review for abuse of discretion the denial of reconsideration, *School Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1262 (9th Cir.1993). We affirm.

The district court properly granted summary judgment because the defendant established that the pay disparity between Cruze and a male colleague was based on a factor other than sex, and Cruze failed to raise a genuine issue of fact regarding pretext. *See Stanley v. Univ. of S. Cal.,* 178 F.3d 1069, 1076–77 (9th Cir.1999).

The district court did not abuse its discretion when denying the motion for reconsideration because Cruze's new evidence would not change the outcome of the case. *See School Dist. No. 1J,* 5 F.3d 1255 at 1262–63.

We are unpersuaded by Cruze's remaining contentions, including that defendant made inconsistent arguments regarding its salary calculations, and that its reason for the pay disparity is not a legitimate business reason.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, the City of Glendale's request for oral argument is denied.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.